# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>White and Rose Gold IPhone Cellular Telephone<br>Model # A1662<br>IMEI 356599080522080 | )<br>)<br>)  Case No. **H18-0203M**<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A," Item is currently located at the ATF Field Office, 5825 N Sam Houston Parkway W, Houston, TX.

located in the ___Southern___ District of ___Texas___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 1951 | Interference with Commerce by Robbery |

The application is based on these facts:

See Attached Affidavit

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Seemanth Raj, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: February 16, 2018

*Judge's signature*

City and state: Houston, Texas

Stephen Wm. Smith, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF WHITE AND ROSE GOLD IPHONE CELLULAR TELEPHONE, MODEL A1662, IMEI NUMBER 356599080522080 | § § § § § | Case No. H18-0203M |

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION FOR A SEARCH WARRANT

I, Seemanth Victor Raj, being duly sworn, depose and state that:

### INTRODUCTION AND AGENT BACKGROUND

1. Your Affiant makes this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to locate and identify any information, which is described in Attachment B, on the cellular device which is described in Attachment A.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Department of Justice, and have been so employed since May of 2017. I was previously employed as a Police Officer with the Houston Police Department in Houston, Texas for four years. I am a graduate of Webster University in St. Louis, Missouri with a Bachelor of Arts Degree in Psychology. I am also a graduate of the Federal Law Enforcement Training Center and the ATF National Academy where I received specialized training on criminal violations of Federal firearms statutes. As a Special Agent with the ATF, I am vested with the authority to investigate violations of Federal laws, including Titles 18 and 26, United States Code.

3. During my law enforcement career, I have investigated criminal matters relating to commercial robberies, violent fugitives, and firearms. Through these investigations as well as

1

my previous training, I have become familiar with the patterns of activity regarding commercial robbery suspects and the methods they employ to plan, coordinate, and conduct robberies. Consequently, I am familiar with the ways in which suspects utilize cellular telephones to coordinate these activities.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. The purpose of applying for this warrant is to seek an Order authorizing the search of a white and rose gold IPhone Cellular Telephone, Model A1662, IMEI Number 356599080522080.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that the subject cellular phone was used before, during, and/or after the robbery and will contain evidence of Conspiracy to Interfere with Commerce by Robbery, in violation of Title 18, United States Code, Section 1951(a).

## PROBABLE CAUSE

7. Your Affiant was notified on October 31, 2017, about an Aggravated Robbery at Cash America Pawn, a Federal Firearms Licensee, located at 1816 N. Durham Drive, in Houston, Texas. Cash America surveillance footage shows at approximately 5:38 p.m., three suspects entered the Cash America Pawn #2231. The first masked suspect, while carrying a knife, ordered the manager to unlock the jewelry cases located behind the cash register and proceeded to grab jewelry. After the suspect stole the jewelry, he then proceeded to grab money out of the cash register. The second masked suspect took the keys from an employee

2

and tried to open the gun case, but was unsuccessful. The second suspect then kicked the glass, shattering the gun display case. The second and third masked suspect then proceeded to take ten (10) firearms from the display case. All three suspects proceeded to leave the business.

8. A witness flagged down a patrol unit and advised that he observed the three males running out of the Cash America Pawn. He was able to give the patrol unit a vehicle description and direction of travel. Law enforcement were then able to locate and observe the suspects fleeing the scene in a green 2000 Jaguar XJ6, bearing Texas tag JGB-0638. The Jaguar led police on a chase to an open field, located in the 700 block of W. 19th Street, where all three suspects bailed from the vehicle and began to run on foot. All three suspects were apprehended, and identified as Derrick STEWART, Joe GUTIERREZ, and Patrick COOPER. During the apprehension of STEWART, law enforcement officers advised they found a white and rose gold colored IPhone cellular telephone, model A1662, IMEI number 356599080522080, in STEWART's back pants pocket.

9. Inside of the suspect's vehicle, officers located 9 stolen firearms, jewelry, a knife, a white bandana, white pants, and a grey glove. The items recovered were confirmed to be stolen from Cash America Pawn. The tenth firearm was found on the ground in some trees between where the suspect's vehicle was abandoned and the Cash America Pawn. Law enforcement officers advised they also located three cellular phones in the center console of the green Jaguar.

10. After waiving his *Miranda* rights, STEWART admitted to robbing the Cash America Pawn on October 31, 2017. He admitted that the he purchased the green 2000 Jaguar about two – three weeks prior off Facebook. STEWART advised he was just driving around and

3

saw Cash America Pawn located at 1816 North Durham Drive, Houston, Texas. STEWART admitted that he has sold jewelry and guns from previous robberies.

## SEARCH OF THE SUBJECT CELLULAR TELEPHONES

11. Based on my training and experience and consultation with other law enforcement officers experienced in investigations regarding robberies and burglaries, I have learned the following:

   a. It is commonly known that individuals who are involved in conspiracies to commit robberies and burglaries use cellular telephones to communicate and coordinate with others involved in the activities, as well as sell stolen items.

   b. I know that cellular telephones store voice mail messages, names, telephone numbers, addresses, send and receive text messages, and images on their digital memory.

   c. A thorough search of digital media, including cellular telephones, for evidence of instrumentalities of a crime commonly requires a qualified expert to conduct the search in a laboratory or other controlled environment. This is true for the following reasons:

   d. Searching digital media is a highly technical process which requires specific expertise and specialized equipment. There are so many types of digital media in use today that it is impossible to bring to the search site all of the necessary technical manuals and specialized equipment necessary to conduct a thorough search. In addition, it may also be necessary to consult with personnel who have specific expertise in the type of digital media that is being searched.

   e. Searching digital media requires the use of precise, scientific procedures which are designed to maintain the integrity of the evidence and to recover "hidden," erased, compressed, encrypted, or password-protected data. Since such data is particularly vulnerable

4

to inadvertent or intentional modification or destruction, a controlled environment, such as a law enforcement laboratory, is essential in conducting a complete and accurate analysis of the equipment and storage devices from which the data will be extracted.

12. In searching for evidence, fruits, and instrumentalities of criminal activity within the cellular telephone as set forth herein and in Exhibit A to this Affidavit, the Government will employ the following procedures:

   a. The cellular telephone will be transported to an appropriate law enforcement laboratory for review to determine whether the contents of the cellular telephones contain evidence and instrumentalities of violations of federal law. The cellular telephone and the contents thereof will be reviewed by appropriately trained personnel in order to extract and seize any data that relates to the fruits, instrumentalities, and evidence in violations of Title 18, United States Code, Section 1951 (Interference with commerce by robbery).

   b. If searching authorities determine that none of the data contained on the cellular telephones falls within any of the items seized pursuant to the warrant, law enforcement personnel will return the cellular telephones within a reasonable period of time, unless further authorization is obtained from the Court.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

13. The warrant applied for would authorize the seizure of electronic storage media or, potentially, the copying of electronically stored information, all under Rule (41(e)(2)(B).

14. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant being sought would permit the examination of the devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scan of the entire medium, that might expose many parts of the

device to human inspection in order to determine whether it is evidence described by the warrant.

## CONCLUSION

15. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the device as described in Attachment A and Attachment B.

Respectfully Submitted,

_____
Seemanth V. Raj
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to and subscribed before me this 16th day of February, 2017.

_____
Stephen Wm. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF TEXAS

6

## ATTACHMENT A

## LIST OF ITEMS TO BE SEARCHED AND SEIZED

1. IPhone Cellular Telephone Model A1662 (White and Rose Gold) – IMEI: 356599080522080

## ATTACHMENT B

## INFORMATION TO BE SEIZED

1. Any photographs, video files, text or multimedia messages (SMS and MMS), call history or call logs, and contact information, including but not limited to phone numbers stored in the telephone contained with the white and rose gold colored IPhone Cellular Telephone, Model A1662, bearing IMEI: 356599080522080.

2. An and all communications previously received or transmitted, or prepared in contemplation of transmission, including electronic mail or data associated with electronic bulletin board systems, stored on any of the electronic media named above. All electronic communications, including those previously received or transmitted, or held in temporary, intermediate storage incident to transmission, documents, and materials, including those used to facilitate previously received, transmitted, or stored, or prepared in contemplation of transmission, including electronic mail or data associated with electronic bulletin board systems, whether stored on any of the electronic media named above or held in temporary, intermediate storage incident to transmission to the individuals or premises with the scope of this application.

3. Such electronic data in the form of electronic records, documents, and materials, including those used to facilitate communication.

4. "Hidden," erased, compressed, password-protected, or encrypted files.

5. Various file "directories" and the individual files they contain, recently deleted data; scanning storage area for deliberately hidden files.